**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4116**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT GERALD DAGNAN, a/k/a Gerald Robert Dagnan,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.   James P. Jones, Chief District Judge.   (2:06-cr-00002-JPJ-PMS-1)

Submitted:  August 29, 2008          Decided:  September 16, 2008

Before WILKINSON, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Nancy C. Dickenson, Assistant Federal Public Defender, Christine Madeleine Spurell, Research and Writing Attorney, Abingdon, Virginia, for Appellant. Julie C. Dudley, Acting United States Attorney, Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Dagnan appeals his convictions on five counts relating to the manufacture and possession with intent to distribute methamphetamine. Dagnan contends that the district court erred in denying his motion to suppress statements he made to an officer, allegedly without Miranda v. Arizona, 384 U.S. 436 (1966) warnings, based upon a credibility finding. Finding no error, we affirm.

We review the district court's factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). The evidence is construed in the light most favorable to the prevailing party below. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

Dagnan contends that the district court erred in finding that he was given Miranda warnings and there was no basis to credit the officer's testimony that he gave Dagnan Miranda warnings over his own testimony that none were given. Dagnan particularly points to the evidence that he was not asked to sign a Miranda waiver and that the officer did not have his badge case with the warning card, which the officer said he always uses to advise arrestees of their Miranda rights, with him in court. Dagnan contends that the district court did not give specific reasons to support its

credibility determination, such as a conflict in testimony or demeanor of the witnesses.

This court does not "weigh the evidence or review the credibility of the witnesses." <u>United States v. Wilson</u>, 118 F.3d 228, 234 (4th Cir. 1997). Here, there is not any reason appearing on the record to disturb the court's credibility finding. The district court had the opportunity to observe the witnesses, listen to their testimony, and was in the best position to make the credibility finding. Based on this determination, the district court did not err in denying the motion to suppress.

Accordingly, we affirm the conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>